# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# SPARTANBURG DIVISION

| | |
|---|---|
| KENT H. MIDDLETON, JR., AS PERSONAL REPRESENTATIVE OF THE ESTATE OF AMANDA MIDDLETON, | ) ) ) ) |
| | ) Civil Action No.: 7:10-2529-MGL |
| Plaintiff, | ) ) |
| | ) OPINION AND ORDER |
| -vs- | ) ) |
| NISSAN MOTOR COMPANY, LTD., NISSAN NORTH AMERICA, INC., AUTOLIV, INC. AND AUTOLIV ASP, INC., | ) ) ) ) |
| Defendants. | ) ) ) |

## Background

Kent H. Middleton, Jr., as personal representative of the Estate of Amanda Middleton, ("Plaintiff") brought this products liability action against Nissan Motor Company, Ltd., Nissan North America, Inc., Autoliv, Inc. and Autoliv ASP, Inc. (collectively "Defendants") alleging a seatbelt buckle design or manufacturing defect in the 2000 Nissan Xterra Amanda Middleton was driving. Specifically, Plaintiff alleges that a fracture in the plastic buckle housing of the seatbelt Amanda Middleton was wearing resulted in a broken plastic "chip" or "chips" that fell into the latching mechanism and caused it to "false latch" when Amanda Middleton attempted to buckle her seatbelt

1

prior to her fatal accident.

The matter currently before the Court concerns the resolution of a discovery dispute that has arisen between the parties. The dispute centers around Plaintiff's Motion to Compel Nissan Motor Company, Ltd. and Nissan North America Inc. ("Nissan Defendants") to disclose the personal identifying information of certain of their customers who lodged complaints that a seatbelt buckle unlatched or failed to properly latch in their Nissan vehicle using the same or substantially similar seatbelt buckles as the one in Amanda Middleton's vehicle. The Nissan Defendants provided Plaintiff with some investigation forms concerning complaints of buckle unlatching in Nissan Xterra vehicles.[1] Plaintiff contends that many of the forms provided have been redacted, thus Plaintiff cannot determine the identity of the persons making the complaints.

On March 15, 2012, Judge Timothy Cain referred Plaintiff's Motion to Compel to a United States Magistrate Judge for disposition. In a Text Order dated April 17, 2012, the Magistrate Judge denied Plaintiff's Motion to Compel noting that "Defendants have agreed to expand the scope of their discovery responses with two objections: (1) that the responses be limited to vehicles sold in the United States and (2) that personal customer information be excluded from discovery." (ECF No. 7.) The Magistrate Judge concluded these objections were reasonable. (*Id.*)

On April 25, 2012, Plaintiff moved pursuant to Rule 59(e) to Alter or Amend the Magistrate Judge's April 17, 2012 order. (ECF No. 72.) Judge Cain referred Plaintiff's Motion to Alter or Amend back to the Magistrate Judge on April 26, 2012. (ECF No. 74.) The Magistrate Judge denied Plaintiff's Motion to Alter or Amend on May 21, 2012. (ECF No. 77.) The Magistrate Judge

---

[1] The Nissan Defendants limited their response to the 2000-2004 U.S. Model Nissan Xterra.

indicated in her May 21, 2012 order denying Plaintiff's motion, that "[a] non-party, having no stake in litigation, retains a greater expectation of privacy." (*Id.*) On June 4, 2012, Plaintiff filed objections to the Magistrate Judge's May 21, 2012.[2] (ECF No. 79.)

## Standard of Review

Under 28 U.S.C. § 636(b)(1)(A), nondispositive pretrial matters may be referred to a magistrate judge for hearing and determination. Within fourteen days of being served with a copy of a magistrate judge's order, a party may serve and file objections to the order. Fed.R.Civ.P. 72(a). With regard to nondispositive matters, Federal Rule of Civil Procedure 72(a) provides that if a party objects to a magistrate judge's order, the court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a). "[A] finding is 'clearly erroneous' when . . . the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (*quoting United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)); *see also King v. Marriott Intern., Inc*., C.A. No. 9:05–1774–PMD–RSC, 2006 WL 2092592, at *3 (D.S.C. July 26, 2006). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *King*, 2006 WL 2092592, at *3 (citing *Tompkins v. R.J. Reynolds Tobacco Corp*., 92 F. Supp .2d 70, 74 (N.D.N.Y.2000)).

## Discussion

At the outset, although the Nissan Defendants contend that Plaintiff's objections are untimely, the court discerns no prejudice to the Nissan Defendants and will consider the objections nonetheless.

---

[2]This matter was transferred to the undersigned on July 6, 2012. (ECF No. 84.)

It is a firmly established principle that district courts have wide latitude in controlling and fashioning discovery. *Ardrey v. United Parcel Service*, 798 F.2d 679, 682 (4th Cir.1986) (citations omitted).  In addition, limitations on discovery are "dictated 'only by relevance and burdensomeness.' " *Id.* at 684.    At this stage, the court does not understand the Nissan Defendants to argue that responding to the discovery requests was too burdensome; rather, the thrust of the defendants' argument is the relevance of the information sought.   The Nissan Defendants contend that to be relevant, an "other incident" must involve the same model buckle with a fractured buckle housing that resulted in a false latch claim.  The Nissan Defendants further contend that there is no evidence of any other incident in which a similar buckle exhibiting a buckle fracture unbuckled in an accident.  Thus, the Nissan Defendants assert none of the identified incidents are relevant.  The Nissan Defendants also assert since none of the incidents are relevant, then the personal consumer information of those involved in the incidents is not discoverable.   Plaintiff argues that the information it seeks is discoverable under the broad standard pursuant to Rule 26 and Plaintiff will be prejudiced by not being able to learn the identity of other individuals that may have encountered other similar incidents.    Rule 26(b)(1)  provides:

> Unless otherwise limited by Court, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

Further "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

After careful review, the Court sustains Plaintiff's objections.  The Court further finds that the Magistrate Judge's order is contrary to law.  The Nissan Defendants are ORDERED to fully

respond to Plaintiff's Interrogatories Nos. 7 and 13, and Requests for Production No. 10, including the disclosure of the names and addresses of individuals who have made complaints about buckles in Nissan vehicles using the same or substantially similar seat belt buckles as the subject vehicle within 20 days from the date of this Order. The parties are directed to strictly maintain the confidentiality of any personal identification information disclosed in response to these discovery requests in accordance with the Confidentiality Order in effect in this case.

**IT IS SO ORDERED.**

/s/ **Mary G. Lewis**
**United States District Judge**

Spartanburg, South Carolina
August 21, 2012