IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| KENT H. MIDDLETON, JR., as Personal representative of The Estate of Amanda Middleton, <br><br> Plaintiff, <br><br> v. <br><br> NISSAN MOTOR COMPANY, LTD., NISSAN NORTH AMERICA, INC., AUTOLIV, INC. and AUTOLIV ASP, INC., <br><br> Defendants. | Civil Action No.: 7:10-02529-MGL <br><br> **Defendants' Reply to Plaintiff's Memorandum in Opposition to Defendants' Rule 30 Motion for Leave to Depose Cheryl O'Hara** |

  Fed. R. Civ. P. 26(b)(1) specifically contemplates the deposition Defendants seek. This discovery is clearly relevant to the claims and defenses in this litigation for the reasons fully outlined in Defendants' Rule 30 Motion for Leave to Depose Cheryl O'Hara.[1] While discovery is subject to the limitations imposed by Fed. R. Civ. P. 26(b)(2)(C), such limitations are inapplicable to Ms. O'Hara's deposition. Whatever slight burden might be imposed by deposing Ms. O'Hara is greatly outweighed by the benefit the deposition will provide to the parties and the Court. Therefore, leave should be granted for this deposition.

  Before addressing Plaintiff's discoverability arguments, Defendants would like to clarify the record in regard to Christopher Brock's testimony, which Plaintiff has cited heavily in opposition to this motion. The South Carolina Department of Labor, Licensing, and Regulation, the organization whom investigates nursing licenses, does

---

[1] Defendants specifically reference and incorporate the arguments in Defendants' Rule 30 Motion for Leave to Depose Cheryl O'Hara.

not notify current or potential employers when a person's license is being investigated. (**Exhibit 1**, Sanders depo., 32:4-9). In fact, LLR would not give information about a pending investigation to an employer, such as Mr. Brock, even if that employer specifically contacted LLR in search of such information. (**Exhibit 1**, Sanders depo., 31:25-32:14). Similarly, nursing licenses remain active during the pendency of such investigations. (**Exhibit 1**, Sanders depo., 31:17-24). Thus, Mr. Brock's quoted testimony is of no moment; he simply was not aware that Mrs. Middleton's license was under investigation at the time she was hired by Advanced Nursing and at the time of this accident.

While Defendants do not agree with the rest of Plaintiff's characterization of the evidence on the issues of Mrs. Middleton's drug use, drug diversion, fitness as a nurse, and employability, this motion does not depend upon a finding on those issues by the Court at this time. The focus of this motion is discoverability, not counsels' arguments about the conclusions to be drawn from the evidence on these drug issues.

### Cheryl O'Hara's Testimony is Discoverable

Turning to the legal issue at hand, Ms. O'Hara has information that is clearly discoverable in this case because it is relevant to fundamental issues: liability and damages. On the issue of liability, the undisputed evidence shows Mrs. Middleton caused the subject crash, and, in fact, Plaintiff has not alleged any other causes. The accident occurred while Mrs. Middleton was on her way home from a nursing shift, and post-accident drug screens showed that she had unprescribed opiates and benzodiazepines in her system. Defendants contend that the presence of these drugs

impaired Mrs. Middleton's ability to drive and her judgment in regard to protecting her own safety by wearing her seatbelt.

Ms. O'Hara's testimony will be relevant on this issue because, as described more thoroughly in Defendants' initial motion, she was Mrs. Middleton's direct supervisor when Mrs. Middleton resigned a nursing job rather than take a drug test that had been requested in relation to investigation into whether she was improperly diverting and/or using drugs while working as a nurse.[2] Ms. O'Hara's testimony is sure to be probative on the issue of whether Mrs. Middleton had used drugs while working as a nurse, which in turn will be probative of whether she had used drugs while working as a nurse just prior to the subject accident. Thus, the testimony is discoverable on the issue of liability. Fed. R. Civ. P. 26(b)(1) ("[T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]").

Ms. O'Hara's testimony is also highly relevant to the issue of damages in this case. Plaintiff has retained an expert, Dr. Oliver Wood, to testify in regard to Mrs. Middleton's lost earning. Dr. Wood was deposed on March 27, 2013, where he testified that the lost earning calculations he made where based solely on the assumption that Mrs. Middleton would have continued working as a nurse if the accident had not occurred. (**Exhibit 2**, Wood depo., 18:12-21). In fact, his projections were based upon Mrs. Middleton's nursing salary at Spartanburg Regional Medical Center, the very place

---

[2] These events caused an investigation to be opened into whether Mrs. Middleton would be permitted keep her nursing license. The investigation was still open at the time of the subject accident.

3

where she was supervised by Ms. O'Hara and where she was no longer eligible for rehire because of her refusal to take a test.  (**Exhibit 2**, Wood depo., 18:25-19:2).

Furthermore, Dr. Wood testified that Mrs. Middleton's ability to retain her nursing license is "relevant" and is an "important consideration" in calculating her future earning capacity.  (**Exhibit 2**, Wood depo., 17:24-18:11).  Thus, Ms. O'Hara's testimony is clearly discoverable on this case's damages issues because it will relate directly to the "important consideration" of whether Mrs. Middleton would have been able to maintain her nursing license after this accident.  Fed. R. Civ. P. 26(b)(1) ("[T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]").

### **Rule 26's Discovery Limitations are Inapplicable to Ms. O'Hara's Deposition**

Fed. R. Civ. P. 26(b)(2)(C) provides three conditions under which the Court must limit the frequency or extent of discovery.  First, under Fed. R. Civ. P. 26(b)(2)(C)(i), discovery that is unreasonably cumulative or duplicative, or that can be obtained from a more convenient, less burdensome, or less expensive source should be limited. However, discovery does not meet this description simply on the grounds that it concerns an issue that has been explored with other witnesses, as Plaintiff argues.  The instant case provides a perfect illustration because it was during the recent depositions Plaintiff has cited in her opposition that the import of Ms. O'Hara's deposition became clear.  She was repeatedly mentioned as a person with information on Plaintiff's refusal to submit to a requested drug test and her subsequent dismissal from a nursing position a few months prior to this accident, which is highly relevant to both the liability and damages issues in this case.  Additionally, there is no "less expensive" source for this

4

information as neither Ms. O'Hara nor SRMC are parties to this litigation and, therefore, are not subject to written discovery.

The limitation described in Fed. R. Civ. P. 26(b)(2)(C)(ii) is similarly inapplicable to the deposition at issue. The Rule provides that limitations should be imposed if the party seeking discovery has had ample opportunity to obtain the information through discovery. Plaintiff disclosed Ms. O'Hara as a potential witness on January 3, 2013, and though it is true Defendants were aware of Ms. O'Hara prior to this disclosure, Plaintiff's identification of her as a potential witness made it more important that she be deposed before trial. This is especially true because the Court granted Defendants' motion (filed with Plaintiff's consent) for an additional 60 days of discovery "…to allow for the depositions of the additional fact witnesses recently identified."[3] There is no requirement that a particular deposition be taken at a particular time. A party's reasoning is its own in this regard, and as long as discovery is open, parties may avail themselves of the discovery process.

The final potential limitation, far from supporting Plaintiff's argument, actually supports the granting of this motion. Under this Rule the Court must determine whether:

> [T]he burden or expense of the proposed discovery outweighs its likely benefit *considering* the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(iii) (emphasis added). In her response, Plaintiff quotes the Rule only through the word "benefit," but the remainder of the Rule describes how the

---

[3] And, of course, the time Plaintiff has spent resisting Ms. O'Hara's deposition cannot fairly be counted against Defendants.

Court must weigh the burdens and benefits of the requested discovery. As explained in Defendants' Motion, Ms. O'Hara has discoverable information that goes directly to both the $1.4 million lost earnings claim and the liability issues in the case. She has firsthand knowledge of issues raised in the recent depositions of other witnesses related to Mrs. Middleton's drug use, and she is the only person that can answer certain questions related to these issues. This testimony is of the utmost importance to all aspects of this case.

While the Federal Rules clearly anticipate instances where discovery will be limited, the goal of these limitations is to achieve fairness. The rules do not require arbitrary lines be drawn between what can and cannot be discovered, but instead require consideration of each case's specific needs. This is a complex wrongful death case with a large amount in controversy. Such cases necessarily require more than the default 10 depositions contemplated by Fed. R. Civ. P. 30, particularly ones such as this that involve intricate issues related to engineering and drug use. For these reasons, Defendants respectfully seek leave of Court to depose Ms. Cheryl O'Hara.

BOWMAN & BROOKE, LLP

By: /s/ Courtney C. Shytle
Joel H. Smith
Federal Bar No. 3910
E-Mail: joel.smith@bowmanandbrooke.com
Courtney C. Shytle
Federal Bar No. 7148
E-Mail: courtney.shytle@bowmanandbrooke.com
Angela G. Strickland
Federal Bar No. 9824
E-Mail: angela.strickland@bowmanandbrooke.com
1441 Main Street, Suite 1200
Columbia, SC  29201
(803) 726-7420

Attorneys for Nissan Motor Co., Ltd. and Nissan North America, Inc.

NELSON MULLINS RILEY & SCARBOROUGH

By:/s/Deirdre S. McCool (with permission)
   Deirdre S. McCool
   Federal Bar No. 5518
   E-Mail: Deirdre.McCool@nelsonmullins.com
   151 Meeting Street, Suite 600
   Charleston, SC 29401
   (843) 853-5200

Attorney for Autoliv ASP, Inc.

Columbia, South Carolina

April 1, 2013