IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| KENT H. MIDDLETON, JR., AS PERSONAL PERSONAL REPRESENTATIVE OF THE ESTATE OF AMANDA MIDDLETON, <br><br>Plaintiff, <br><br>vs. <br><br>NISSAN MOTOR COMPANY, LTD., NISSAN NORTH AMERICA, INC., AUTOLIV, INC. AND AUTOLIV ASP, INC., <br>Defendants. | Civil Action No.: 7:10-cv-02529-MGL |

## PLAINTIFF'S MOTION TO BIFURCATE THE TRIAL INTO ISSUES OF LIABILITY AND DAMAGES

Plaintiff, Kent H. Middleton, Jr. as Personal Representative for Estate of Amanda Middleton, by and through his undersigned counsel moves before the Court pursuant to Fed. R. Civ. P. 42(b) and the Local Rules of this Court for an order bifurcating the trial on the issues of liability and damages. Based on the particular facts of this case and as will be more fully set forth below, separate consideration of liability and damages will avoid all possible prejudice to Plaintiff that would be inherent in holding and conducting a joint trial. For these reasons, Plaintiff's Motion to Bifurcate should be granted.

## FACTUAL BACKGROUND

This action arises out of a single vehicle accident that occurred on Interstate 85 in Spartanburg County, South Carolina on June 3, 2008. On that morning, the decedent, Amanda Middleton, was returning home from working all night as a nurse.

1

Mrs. Middleton was the driver and sole occupant of a 2000 Nissan Xterra that was traveling in the northbound lanes of I-85.

For unknown reasons, the Nissan Xterra left the paved portion of the roadway, went on to the right shoulder, and then was driven back on to the paved portion when it began to roll over. Mrs. Middleton's Xterra flipped across the cable barrier and ultimately came to rest in the southbound lanes of I-85. During the rollover event, Mrs. Middleton was thrown about in the vehicle which caused fatal injuries.

Mrs. Middleton's husband, Kent H. Middleton, Jr., brought this wrongful death action on behalf of Mrs. Middleton's beneficiaries as set forth in S.C. Code Ann. § 15-51-20 (collectively "Plaintiff"). In addition to leaving behind her husband, Kent, Mrs. Middleton was also the mother of three dependent children.

Plaintiff filed this action on September 27, 2010, alleging causes of action for negligence (Comp. ¶¶ 15-20), strict liability (Compl. ¶¶ 21-24), and breach of express and implied warranties (Compl. ¶¶ 25-27), against the Nissan Defendants as the manufacturer and distributor of the 2000 Nissan Xterra, and Autoliv, the supplier of the seatbelt buckle.

Plaintiff alleges that prior to the rollover sequence, Mrs. Middleton was belted and during the rollover the seatbelt became unlatched, causing Mrs. Middleton's fatal injuries. Plaintiff intends to offer expert testimony at trial that had Mrs. Middleton's seat belt remain latched she would have survived this rollover event. False latch is the technical term for the condition when the occupant believes the seatbelt buckle is securely latched, but later becomes unlatched. Typically, something interferes with the latching mechanism and latch plate to cause this condition. Plaintiff contends evidence

2

supporting Mrs. Middleton's seatbelt use at the time of the collision is, among other things, the condition the seat belt was found following the collision.[1]  Plaintiff also alleges a plastic chip from the buckle housing unit[2] interfered with the latching mechanism causing the false latch.  This defect was due to either a manufacturing or design defect in regards to the buckle housing unit, which caused the plastic chip to break off the buckle housing unit.

## ARGUMENT

Bifurcation is a procedural tool for ensuring fair and efficient trials. Rule 42(b) of the *Federal Rules of Civil Procedure* governs motions to bifurcate an action into separate trials. This rule provides:

> **(b) Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42. District court judges have broad discretion to determine when bifurcation is appropriate under the federal rules. See Dixon v. CSX Transp., Inc., 990 F.2d 1440, 1443 (4th Cir. 1993). The District of South Carolina trial courts have increasingly realized the benefits of 'bifurcated' trials. In Ellison v. Rock Hill Printing & Finishing Co., the court states:

> More and more judges are using bifurcated trials more often. The question of liability is always tried first. Defense counsel is more prone to settle the question of damages after he has lost on liability. The savings in time is obvious. The big problem is one of educating the bar on the social desirability of the use of the modern technique of split trials.

---

[1] The seatbelt webbing is bunched in the portion of the seatbelt system referred to as the "D" ring.
[2] The buckle housing unit is typically attached to the floor of the vehicle and contains the latching mechanism.  It is the piece where the latch plate attached to the seat belt is inserted.

64 F.R.D. 415, 418 (D.S.C. 1974) (citing Craig & Redden, Managing the Flow of Civil Cases, Reports of the Conference for District Court Judges, 59 F.R.D. 415, 466 (Federal Judicial Center 1973)).  As a procedural tool, bifurcation promotes judicial economy and eliminates any potential for prejudice against the parties.

The Fourth Circuit has also indicated, that bifurcation of liability and damages "remains an available solution" where evidence relating to the amount of damages might be prejudicial to determining the appropriate level of liability. See Mattison v. Dallas Carrier Corp., 947 F.2d 95, 110 (4th Cir. 1991).

Plaintiff anticipates Defendants will seek to offer evidence at trial of alleged drug diversion and/or drug use of Mrs. Middleton prior to her death on June 3, 2008.  Plaintiff filed a Motion *in Limine* seeking to exclude this evidence as Defendants cannot meet the threshold requirements for admission, in addition to this evidence being highly speculative and unfairly prejudicial. (ECF Filing 119).  In the event, the Court denies the Motion *in Limine* regarding the drug evidence and based on the particular facts of this case, Plaintiff moves to bifurcate the trial into separate issues of liability and damages. The drug evidence Plaintiff anticipates Defendant will seek to admit into evidence has no issue on the ultimate liability question – whether Mrs. Middleton's seatbelt unlatched in the rollover causing her death?  However, in the event Defendants are able to satisfy the requirements for admissibility any drug related evidence on the issue of damages, Plaintiff requests bifurcation so the drug evidence does not unfairly prejudice Plaintiff on the question of liability.  If the evidence is admissible on the issue of damages, the jury's decision regarding whether the seatbelt buckle unlatched during the rollover in the rollover should not be impacted with this highly prejudicial evidence that relates only to

4

Mrs. Middleton's damages and future earning capacity. Based upon the foregoing, it is respectfully submitted that this Court should grant Plaintiff's motion to bifurcate the trial on the issues of liability and damages.

      David Yarborough, Esq.
      Fed ID #7336
      david@yarboroughapplegate.com
      William Applegate, Esq.
      Fed ID #9261
      YARBOROUGH APPLEGATE, LLC
      PO Box 20398
      Charleston, SC 29413
      (843) 972-0150: Phone

      ~and~

      PETERS, MURDAUGH, PARKER, ELTZROTH
      & DETRICK, P.A.

BY: /s/ Ronnie L. Crosby
      Ronnie L. Crosby
      Fed ID #6311
      rcrosby@pmped.com
      William F. Barnes, III
      Fed ID #10639
      wbarnes@pmped.com
      PO Box 457
      101 Mulberry Street East
      Hampton, SC 29924
      (803) 943-2111: Phone
      (803) 943-3943: Fax
      **ATTORNEYS FOR PLAINTIFF**

April 5, 2013
Hampton, South Carolina